**E-Filed 5/8/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SEAN GUESS,<br><br>           Plaintiff,<br><br>    v.<br><br>US BANCORP, ET AL.,<br><br>           Defendants. | Case Number C 06-7535 JF (RS)<br><br>ORDER DENYING MOTION TO DISMISS NINTH AND TENTH CLAIMS<br><br>[Doc. No. 9] |

    Defendants move to dismiss the ninth and tenth claims of Plaintiff's complaint. The Court has considered the briefing submitted by the parties, including the supplemental letter briefs filed at the Court's request on April 27, 2007 and May 4, 2007, and the oral arguments presented at the hearing on April 20, 2007. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

    Plaintiff Sean Guess filed this putative class/collective action on December 8, 2006, alleging wage and hour claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. and under state law on behalf of all "Financial Sales Representatives" who marketed securities, mortgages, loans and other financial products on behalf of Defendants US Bancorp,

US Bancorp Investments, U.S. Bank N.A. and U.S. Bank d/b/a U.S. Bank Home Mortgage (collectively "Defendants"). Defendants have filed a motion to dismiss Plaintiff's ninth and tenth claims, which allege that Defendants failed to provide class members with all required meal and rest breaks and seeking one additional hour of pay for each such deprivation under California Labor Code § 226.7. Defendants' motion asserts that (1) § 226.7 does not create a private right of action and (2) the ninth and tenth claims are time-barred because the additional hour of pay under § 226.7 is a penalty rather than a wage, and thus § 226.7 claims are subject to a one-year statute of limitations under Cal. Civ. Proc. Code § 340(a) rather than a three-year statute of limitations under Cal. Civ. Proc. Code § 338(a).

On April 16, 2007, after briefing had been completed on the motion, the California Supreme Court decided *Murphy v. Kenneth Cole Productions, Inc.*, holding that the additional hour of pay under § 226.7 constitutes a wage or premium pay and thus is governed by a three-year statute of limitations under Cal. Civ. Proc. Code § 338(a). *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, ---, 155 P.3d 284, ---, 12 Wage & Hour Cas.2d (BNA) 833, 895 (2007).[1] Defendants subsequently withdrew the portion of their motion asserting that Plaintiff's ninth and tenth claims are time-barred. However, Defendants made clear at the hearing on their motion that they continue to assert that Plaintiff does not have a private right of action under § 226.7. The Court requested and received supplemental briefing on this issue in light of *Murphy*. The briefs were timely filed, and the Court took the motion under submission without further oral argument.

**II. LEGAL STANDARD**

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*,

---

[1] As of the date of this order, pin citations are available only with respect to the BNA publication. All future citations will be to the BNA publication.

2

Case No. C 06-7535 JF (RS)
ORDER DENYING MOTION TO DISMISS NINTH AND TENTH CLAIMS
(JFLC2)

1  66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be
2  ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

The question of whether § 226.7 creates a private right of action has not been addressed by the California Supreme Court.  In the absence of authority from that court, this Court must use its best judgment to predict how that court would decide the issue.  *See General Motors Corp. v. Doupnik*, 1 F.3d 862, 865 (9th Cir. 1993).  This Court may look to the decisions of California appellate courts for guidance, but it is not bound to follow such decisions.  *Id*. at 865 n.4.

This Court concludes that, although the question was not addressed directly, presumably because it was not raised by the parties, the California Supreme Court implicitly held in *Murphy* that a private right of action exists under § 226.7.  Discussion of this implicit holding requires some understanding of the administrative and civil remedies generally available to wage claimants.  The *Murphy* decision describes these remedies as follows:

> An employee pursuing a wage-related claim has two principal options.  the employee may seek *judicial* relief by fling an ordinary civil action against the employer for breach of contract and/or for the wages prescribed by statute.  Or the employee may seek *administrative* relief by filing a wage claim with the [commissioner] pursuant to a special statutory scheme codified in sections 98 to 98.8.

*Murphy*, 12 Wage & Hour Cas.2d (BNA) at 896 (internal quotation marks and citations omitted).  "The Labor Commissioner has broad authority to investigate employee complaints and to conduct hearings in actions to recover wages, penalties, and other demands for compensation."  *Id*. (internal quotation marks and citations omitted).  This administrative process commonly is known as "the Berman hearing procedure."  *Id*.  "The Berman hearing procedure is designed to provide a speedy, informal, and affordable method of resolving wage claims."  *Id*.  The purpose of the procedure is "to avoid recourse to costly and time-consuming judicial proceedings in all bu the most complex of wage claims."  *Id*. (internal quotation marks and citations omitted).  Any party may seek review of the Labor Commissioner's decision in a Berman proceeding by filing an appeal in the appropriate municipal or superior court.  *Id*.  The filing of such an appeal terminates the jurisdiction of the Labor Commissioner and vests jurisdiction in the appellate

court to conduct a *de novo* hearing of the issues. *Id*. at 896-97.

Murphy commenced a Berman proceeding before the Labor Commissioner, asserting claims for unpaid overtime and waiting-time penalties against his former employer. Following the Commissioner's ruling in Murphy's favor, the employer sought *de novo* review in the superior court. During that *de novo* review process, Murphy sought to raise new claims for meal and rest period violations under § 226.7 and for itemized pay statement violations. Those claims had not been raised in the Berman proceeding. The superior court allowed Murphy to raise the new claims over the employer's objection. During the course of the superior court's *de novo* review of Murphy's claims, a question arose as to whether claims for meal and rest period violations under § 226.7 are governed by a one-year or a three-year statute of limitations. The superior court, concluding that a three-year statute of limitations governed, found for Murphy on his § 226.7 claims and on his other claims. The California Court of Appeal reversed in part, holding that Murphy could not raise new claims for the first time on *de novo* appeal from the Berman proceeding, and that a one-year statute of limitations applied to § 226.7 claims. The California Supreme Court granted Murphy's petition for review to address both questions.

With respect to Murphy's assertion of new claims under § 226.7 in the *de novo* appellate proceedings, the court stated as follows: "As the Court of Appeal here acknowledged, Murphy could have filed a separate civil complaint raising the additional wage claims, at which point the trial court could have consolidated the civil action with the *de novo* proceeding and considered all of the claims together." *Id*. at 898. In concluding that Murphy could have filed a civil complaint raising his § 226.7 claims even though those claims had not been raised in the administrative Berman proceeding, the court necessarily concluded that Murphy had the *right* to file a civil claim under § 226.7. Moreover, the court devoted the bulk of its lengthy decision to the question of whether a *civil claim* brought under § 226.7 is subject to a one-year statute of limitations or a three-year statute of limitations. There would have been no reason for the court to engage in this detailed analysis if no private right of action exists under § 226.7 in the first place.

Defendants argue that *Murphy* cannot be read as holding even implicitly that there is a

4

private right of action under § 226.7 because the issue was not presented to the court. It long has been established that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925); *see also Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) (holding that "unstated assumptions on non-litigated issues are not precedential holdings binding future decisions"). However, while *Murphy* may not constitute binding precedent as to this issue, it nonetheless is informative as to how the California Supreme Court would resolve the question of whether a private right of action exists under § 226.7.

Moreover, separate and apart from the implicit holding of *Murphy* discussed above, this Court concludes that *Murphy*'s explicit determination that the additional hour of pay under § 226.7 is a wage necessarily suggests strongly that claimants have a private right of action to recover that wage pursuant to California case law interpreting California Labor Code § 218. Section 218 reads in relevant part as follows: "Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article." Cal. Lab. Code § 218. Defendants argue that § 218 does not confer any affirmative right to sue for unpaid wages, but simply states that it does not *limit* an employee's otherwise existing right to sue for unpaid wages. Defendants' argument has some appeal, as it does track the literal language of the statute. However, a number of California appellate decisions have cited § 218 for the proposition that wage claimants have a direct right of action to seek unpaid wages. *See, e.g.*, *Reynolds v. Bement*, 36 Cal.4th 1075, 1084 (2005); *Smith v. Rae-Venter Law Group*, 29 Cal.4th 345, 350 (2002); *Sampson v. Parking Serv. 2000 Com, Inc.*, 117 Cal.App.4th 212, 220 (2004). Based upon these authorities, this Court concludes that a private right of action exists to recover wages owing under § 226.7.

The Court has considered Defendants' arguments to the contrary, including Defendants' analysis of the legislative history of § 226.7. After careful review of *Murphy* and the California cases addressing wage claimants' rights to sue for unpaid wages generally, however, this Court is persuaded that if squarely presented with the issue the California Supreme Court would conclude

5

1  that there is a private right of action under § 226.7.

## IV. ORDER

Accordingly, Defendants' motion to dismiss Plaintiff's ninth and tenth claims is DENIED.

DATED:  5/8/07

_____
JEREMY FOGEL
United States District Judge

1 | This Order was served on the following persons:

3 | Lawrence Timothy Fisher    ltfisher@bramsonplutzik.com, moldenburg@bramsonplutzik.com

4 | Robert Joseph Gray    rgray@sbtklaw.com

5 | Jessie Ann Kohler    jkohler@winston.com, mhagin@winston.com

6 | Joseph H. Meltzer    jmeltzer@sbclasslaw.com, kmarrone@sbtklaw.com; eciolko@sbtklaw.com; gwells@sbtklaw.com; gwells@sbtklaw.com; rgray@sbtklaw.com

7 | Alan R. Plutzik    aplutzik@bramsonplutzik.com

8 | Kathryn A. Schofield    kschofield@bramsonplutzik.com, moldenburg@bramsonplutzik.com

9-10 | Joan B. Tucker Fife    jfife@winston.com, cpaulus@winston.com; cohoyne@winston.com; mrivera@winston.com; hshen@winston.com; sdibley@winston.com

11 | Gerald D. Wells, III    gwells@sbtklaw.com

7

Case No. C 06-7535 JF (RS)
ORDER DENYING MOTION TO DISMISS NINTH AND TENTH CLAIMS
(JFLC2)