**E-Filed 02/26/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SEAN GUESS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>US BANCORP; US BANCORP INVESTMENTS; U.S. BANK N.A.; U.S. BANK, d/b/a U.S. BANK HOME MORTGAGE; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Number 06-07535-JF<br><br>ORDER[1] DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION AND COURT AUTHORIZED NOTICE PURSUANT TO U.S.C. § 216(b) |

Plaintiff Sean Guess ("Plaintiff") moves for an order conditionally certifying the instant case as a class action pursuant to U.S.C. § 216(b). The motion is opposed by Defendants US Bancorp, US Bancorp Investments, U.S. Bank N.A., and U.S. Bank Home Mortgage (collectively, "Defendant"). The Court has considered the moving and responding papers and the argument of counsel at the hearing on February 1, 2008. For the reasons set forth below, the

[1] This disposition is not designated for publication and may not be cited.

motion will be denied without prejudice.

## I. BACKGROUND

Plaintiff is a resident of California who was employed by Defendant as a Financial Sales Representative from December 2004 until May 2005. Defendant is a holding company incorporated under the laws of the state of Delaware with its corporate office located in Minnesota.

On December 8, 2006, Plaintiff filed a complaint alleging violation of the Federal Fair Labor Standards Act ("FLSA") and the California Labor Code. The FLSA mandates that an employee be paid overtime compensation in an amount equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of forty per week. 29 U.S.C. § 201 *et seq*. Only employees who meet one or more of the tests for exemptions under the FLSA are exempt from overtime pay. *Id*. Plaintiff contends that he and members of the putative class regularly worked more than forty hours per week, were not paid overtime compensation in an amount equal to one and one-half times the regular rate of pay and, during some portion of the applicable class period, were not exempt under the FLSA. Class/Collective Action Complaint, 11. ("Complaint").

The California Labor Code mandates that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for time worked in excess of forty hours per week and/or eight hours per day, unless the employee meets the requirements of one of the enumerated exemptions. Cal. Wage Order 4-2001, 8 C.C.R.§ 11040; Cal. Labor Code § 510(a). California law also provides that unless an employee is exempt, an employer must: (1) pay each employee a minimum wage for each hour worked, Minimum Wage Order MW-2001, 8 C.C.R. § 11000; (2) provide each employee with meal breaks, Cal. Labor Code § 512; (3) provide each employee with rest breaks, IWC Wage Order 4, § 12; Cal. Labor Code § 226.7; and (4) provide each employee with accurate and detailed records of hours worked and wages earned, Cal. Labor Code § 226(a).

Plaintiff claims that Defendant wrongfully classified Plaintiff and putative class members

as non-exempt because during at least a portion of the applicable class period, Plaintiff and the proposed class members did not meet the tests for exempt status under California law. Complaint, 11. Defendant allegedly failed to provide Plaintiff and putative class members the requisite overtime pay for hours worked in excess of 40 hours per week and/or 8 hours per day. *Id*. Instead, Plaintiff and putative class members were compensated solely on commission, which was earned only after they finalized a sale of Defendant's products. *Id*. at 12. Finally, Defendant failed to provide Plaintiff and putative class members all required meal and rest breaks and failed to provide accurate and detailed records of hours worked and wages earned. *Id*. at 13.

Plaintiff seeks to bring a nationwide collective action on behalf of all current and former Financial Sales Representatives "who have worked for Defendant within the three years prior to the filing of this complaint to the present and are/were engaged in, or are/were training to be engaged in, the business of originating and selling Financial Products, and elect to opt-in to this action pursuant to the FLSA." *Id*. at 2. Plaintiff also seeks to bring a state-wide class action on behalf of two different sub-classes. The first group includes "[a]ll current Financial Sales Representatives, excluding . . . Business Banking Officer[s] and Small Business Banking Officer[s], who [have] work[ed] for Defendant in the State of California within four years prior to the filing of this action, . . . and are engaged in, or are training to be engaged in, the business of originating and selling Financial Products . . ." *Id*. The second group includes "[a]ll former Financial Sales Representatives, excluding . . . Business Banking Officer[s] and Small Business Banking Officer[s] who have worked for Defendant in the State of California within four years prior to the filing of this action, . . . and were engaged in, or were training to be engaged in, the business of originating and selling Financial Products . . ." *Id*.

Defendant contends that the title "Financial Sales Representative" does not exist within the company. Defendant's Opposition to Plaintiff's Motion for Conditional Certification under 29 U.S.C. § 216(b) and for Court Approved Notice, 2. ("Opposition"). Defendant also states that "the collective group proposed by Plaintiff includes employees in various job positions for

whom multiple exemptions from FLSA requirements apply, including the administrative, executive, highly compensated employee, and outside salesperson exemptions." *Id*. at 1. Defendant argues that, given this broad range of job titles and duties, Plaintiff has failed to establish sufficient evidence of a similarly situated class. *Id*. at 1.

## II. LEGAL STANDARD

An aggrieved employee may maintain an action against an employer violation of the FLSA on behalf of himself and other employees similarly situated. 29 U.S.C. § 216(b). While the FLSA does not require the certification of collective actions, *Hoffman-La Roche Inc., v. Sperling*, 493 U.S. 165, 169 (1989), in cases where the requirements are met, class certification may be implemented pursuant to the Court's discretion where deemed helpful to control the process of joining multiple parties in an ordinary and sensible manner, to monitor preparation and distribution of notice, to set cut-off dates for opting-in, and to expedite the disposition of the action. *Id*. at 170-72.

The United States Supreme Court has held that § 216(b) requirements are satisfied when a Plaintiff can show that "other employees are similarly situated." *Id*. at 170. While the burden that Plaintiff bears is a lenient one, *Pfohl v. Farmers Ins. Group*, 2004 WL 554834 *2, (C.D. Cal. 2004), and while Plaintiff "need only show that their positions are similar, not identical, to the positions held by the putative class members" *Morton v. Valley Farm Transport Inc.*, 2007 WL 1113999, *2 (N.D. Cal. 2007), citing *Grayson v. K Mart Corp.*, 79 F. 3d 1086, 1096 (11th Cir. 1996), Plaintiffs still "bear the burden of demonstrating a 'reasonable basis' for their claim of class wide discrimination, that is, detailed allegations supported by affidavits which successfully engage Defendant's' affidavits to the contrary." *Id*. The basis for a class-wide discrimination claim must include, "at a minimum, evidence of such a potential class 'sufficiently developed at this time to allow court-facilitated class notice.'" *D'Anna v. M / A-COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995), (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J.) *aff'd in part and dismissed in part* , 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989)). As one court has interpreted this standard: "The basis for a class-wide discrimination claim must be

more than mere allegations; it must be based on factual evidence as well." *Bernard v. Household Intern, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002)

## III. DISCUSSION

This Court must determine whether Plaintiff has provided sufficient evidence that he and the proposed class members are similarly situated or whether, as alleged by Defendants, the differences among proposed class members make the proposed class unfit for certification. Plaintiff contends that he has identified a group of potential class members that is sufficiently similar to permit him to proceed with conditional notice.[2] Plaintiff initially proposed a group defined as "Financial Sales Representatives," which included all employees whose duties include the selling and marketing of securities, mortgages, loans, and other financial products. Plaintiff's Points and Authorities, 4. Although he conceded at oral argument that the class could be defined more narrowly, Plaintiff did not waive his assertion that the former group is appropriate for certification. Plaintiff stated that although the financial products sold and the specific job titles of the employees whom Plaintiff identified as Financial Sales Representatives may vary, the daily activities of Financial Sales Representatives do not. *Id*. Additionally, all Financial Sales Representatives allegedly are employed with the same objective in mind: the marketing and sale of the Defendant's financial products, which include mortgages, loans, and other financial and banking products. *Id*. at 5.

Plaintiff also contends that the potential claims of the group of employees he has identified involve common questions of fact and law. *Id*. at 10. Plaintiff alleges that "Defendant

---

[2]Plaintiff initially proposed a class that included all present and former Investment Representatives, Mortgage Loan Officers / Associates, Loan Officers, Account Executives, Sales Representatives, Investment Sales Assistants, and / or Investment Financial Consultants - collectively "Financial Sales Representatives." Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Conditional Collective Certification and Court Authorized Notice Pursuant to 29 U.S.C. § 216(b), 1. ("Plaintiff's Points and Authorities"). However, at the oral argument Plaintiff proposed certification of a narrower group of employees, including Mortgage Division Production Managers, Mortgage Regional Production Managers, Mortgage Sales Managers, Mortgage Loan Officers, Mortgage Loan Consultants, CRA Loan Officers, and Wholesale Account Executives.

had a corporate-wide policy of uniformly classifying its Financial Sales Representatives, irrespective of their specific job titles, as exempt from the provisions of the FLSA. *Id*. Plaintiff states that all Financial Sales Representatives were "the victims of a single decision, policy or plan" by the Defendant to mis-categorize them as exempt, which is sufficient to support a finding that the potential class members are similarly situated to Plaintiff. *Id*. at 12.

Plaintiff's evidence consists entirely of two declarations. The first is Plaintiff's own declaration, based on his personal understanding and belief, that "the duties, responsibilities and compensation arrangements of all Financial Sales Representatives employed by US Bancorp were substantially similar" to his own. Declaration of Sean Guess, 1-2. The second is submitted by Plaintiff's counsel and is based on counsel's personal knowledge of the case, information shared with him by colleagues, and information garnered through job descriptions posted on Defendant's website. Declaration of Gerald D. Wells, III, 1, 3.

Defendant disputes both the scope and breadth of Plaintiff's proposed class as well as the evidence relied on by Plaintiff to substantiate the allegation that the class is similarly situated. Opposition, 1-2. Defendant points out that as a Mortgage Loan Officer, Plaintiff worked solely in the mortgage group, which was part of Defendant's consumer banking business line. *Id*. at 4. The consumer banking business line offers tens, if not hundreds, of financial products and services with which Plaintiff was not involved. *Id*. According to Defendant, the consumer banking business line is distinct from Defendant's corporate banking, commercial banking, commercial real estate and credit business lines, all of which encompass jobs that "differ enormously depending on many factors, including but not limited to the product sold, the type and size of the customer, the region, the particular sales' abilities of the employee and the market conditions." *Id*. It is also distinct from the payments business line, which "encompass[es] numerous distinct jobs, many of which have sales and marketing responsibilities." *Id*. at 6. Although all of these jobs may include, as one of their elements, the selling and/or marketing of any type of financial products, including, but not limited to, securities, mortgages, loans and insurance and retirement products, there is insufficient evidence to support a conclusion that the employees who performed those jobs are "similarly situated."

Finally, Defendant argues that the broad range of jobs and duties encompassed within Plaintiff's putative class would require a fact-specific, individualized inquiry into the exempt status of each employee. *Id*. at 19. Defendant alleges that one of several exemptions may apply to any one of the large group of employees identified by Plaintiff. *Id*. at 12. These exemptions include the administrative exemption, *Id*. at 13, the executive exemption, *Id*. at 15, the "highly compensated" employee exemption, *Id*., or the outside sales employee exemption, *Id*. at 16.

Notably, Plaintiff has failed to offer evidence from any potential class member (other than himself) suggesting that persons employed in the various sales positions he identified are similarly situated. Because it appears that Plaintiff might be able to offer additional evidence, the Court will deny the instant motion without prejudice.

## IV. ORDER[3]

For the reasons set forth above, Plaintiff's Motion for Conditional Class Certification and Court Authorized Notice is denied without prejudice.

IT IS SO ORDERED.

DATED: February 26, 2008

JEREMY FOGEL
United States District Judge

[3]In view of the foregoing, the Court need not address the other issues briefed by the parties: (1) the structure and content of the "Proposed Notices of Collective Action"; (2) evidentiary objections to the declarations given by Plaintiff and Plaintiff's counsel; (3) Defendant's request for judicial notice; and (4) Defendant's allegations that Plaintiff's claim is time-barred.

This Order has been served upon the following persons:

Counsel for Plaintiff

aplutzik@bramsonplutzik.com

Counsel for Defendants

jfife@winston.com