1  Counsel on next page

2  *E-FILED 9/19/08*

3

4  UNITED STATES DISTRICT COURT

5  NORTHERN DISTRICT OF CALIFORNIA

6

7  SEAN GUESS, on behalf of himself and all others similarly situated,   Case No.  C06-07535   JF

8        Plaintiffs,

9        vs.   **STIPULATED PROTECTIVE ORDER**

10  US BANCORP; US BANCORP INVESTMENTS;

11  U.S. BANK N.A.; U.S. BANK d/b/a U.S. BANK HOME MORTGAGE and   Judge:  Hon. Jeremy Fogel

12  DOES 1 through 10, inclusive,   Date Action Filed:  December 8, 2006

13        Defendants.

_____
STIPULATED PROTECTIVE ORDER - Case No.  C06-07535  JF

**Error! Unknown document property name.**

1  SCHIFFRIN, BARROWAY, TOPAZ & KESSLER, LLP
   ALAN R. PLUTZIK (SBN:  077785)
2  2125 Oak Grove Road, Suite 120
   Walnut Creek, California 94598
3  Telephone:  (925) 945-0770
   Facsimile:  (925) 945-8792
4
           -and-
5
   JOSEPH H. MELTZER
6  GERALD D. WELLS, III
   ROBERT J. GRAY
7  280 King Of Prussia Road
   Radnor, Pa  19087
8  Telephone: (610) 667-7706
   Facsimile: (610) 667-7056
9
   Attorneys for Plaintiff
10
   JOAN B. TUCKER FIFE (SBN: 144572)
11    email: jfife@winston.com
   JENNIFER W. GARBER (SNN:  222096)
12 jgarber@winston.com
   WINSTON & STRAWN LLP
13 101 California Street, Suite 3900
   San Francisco, CA  94111
14 Telephone:     415-591-1000
   Facsimile:     415-591-1400
15
   JESSIE A. KOHLER (SBN: 179363)
16    email: jkohler @winston.com
   HWANNIE L. SHEN (SBN: 222342)
17    email: hshen@winston.com
   ERIC E. SUITS (SBN: 232762)
18    email: esuits@winston.com
   WINSTON & STRAWN LLP
19 333 South Grand Avenue
   Los Angeles, CA 90071-1543
20 Telephone:     213-615-1700
   Facsimile:     213-615-1750
21
   Attorneys for Defendants
22 US BANCORP, US BANCORP
   INVESTMENTS, U.S. BANK N.A., U.S. BANK
23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535  JF

**Error! Unknown document property name.**

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.  The parties further acknowledge that nothing in this Stipulated Protective Order shall preclude either party from asserting that a document is of such a confidential or private nature that it should not be produced or that it should only be produced in redacted form, or from seeking a protective order to preclude the production of certain documents.

2.   DEFINITIONS

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Non-Party:  any third party that produced or produces any material to a Party in connection with this action, regardless of whether those materials are produced voluntarily or in response to a subpoena, or other formal or informal discovery process.

2.3   This Action:  means the above-captioned action pending in this Court, including any related discovery, pretrial, post-trial, or appellate proceedings.

2.4   Document:  is defined as the term is used in Fed. R. Civ. P. 34(a).

1

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535 JF
**Error! Unknown document property name.**

2.5   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that is non-public and that must be held confidential to protect personal privacy interests or proprietary commercial or business information, including trade secrets.

2.7   <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items:</u> extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.8   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.9   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.10   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produced in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.11   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.12   <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.13   <u>House Counsel</u>:  attorneys who are employees of a Party.

2.14   <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535  JF
Error! Unknown document property name.

1    2.15    <u>Expert</u>:  a person with specialized knowledge or experience in a matter
2 pertinent to the litigation, including without limitation a professional jury or trial consultant
3 retained in connection with this litigation, who has been retained by a Party or its counsel to
4 serve as an expert witness or as a consultant in this action and, unless the Party voluntarily
5 waives this limitation, who is not a past or a current employee of any Party or of a Competitor of
6 any Party.

7    2.16    Each Party will provide to opposing counsel a list of proposed experts.  A
8 Party may object to any proposed expert within fifteen business days of the date of proposal
9 ("Objection Period").  No disclosure of Protected Material is permitted to proposed experts
10 unless and until the expiration of the Objection Period has passed without any objection.  If a
11 Party makes an objection to the proposed expert within the Objection Period, no disclosure of
12 Protected Material is permitted until the issue is resolved by the Court, pursuant to Section 2.17.

13    2.17    Either Party may file a motion challenging the objection to a proposed
14 expert.

15    2.18    <u>Professional Vendors</u>:  persons or entities that provide litigation support
16 services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations,
17 organizing, storing, retrieving data in any form or medium, etc.) and their employees and
18 subcontractors.

19    3.    <u>SCOPE</u>

20    The protections conferred by this Stipulated Protective Order cover not only
21 Protected Material (as defined above), but also any information copied or extracted therefrom,
22 as well as all copies, excerpts, summaries, or compilations thereof, plus deposition testimony,
23 conversations, or presentations by parties or counsel to or in court or in other settings that
24 might reveal Protected Material, to the extent provided by law, including federal, state and
25 local rules.

3

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

5.1  *Exercise of Restraint and Care in Designating Material for Protection*. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other parties that it is withdrawing or modifying the mistaken designation.

5.2  *Manner and Timing of Designations*. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)  *for information in documentary form* (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

4

1   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the
2   bottom-right of each page that contains protected material.
3               A Party or Non-Party that makes original documents or materials available for
4   inspection need not designate them for protection until after the inspecting Party has indicated
5   which material it would like copied and produced.  During the inspection and before the
6   designation, all of the material made available for inspection shall be deemed "HIGHLY
7   CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the
8   documents it wants copied and produced, the Producing Party must determine which documents,
9   or portions thereof, qualify for protection under this Stipulated Protective Order, then, before
10  producing the specified documents, the Producing Party must affix the appropriate legend
11  ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the
12  bottom-right of each page that contains Protected Material.
13              (b)     <u>for testimony given in deposition</u>, or in other pretrial or trial
14  proceedings to the extent provided by law, including federal, state and local rules, that the Party
15  or Non-Party offering or sponsoring the testimony identify on the record, before the close of the
16  deposition, hearing, or other proceeding, all protected testimony, and further specify any portions
17  of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."
18  When it is unpractical to identify separately each portion of testimony that is entitled to
19  protection, and when it appears that substantial portions of the testimony may qualify for
20  protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the
21  record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify
22  the specific portions of the testimony as to which protection is sought and to specify the level of
23  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
24  ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately
25  designated for protection within the 20 days shall be covered by the provisions of this Stipulated
26  Protective Order.
27
28
                                            5
_____
                STIPULATED PROTECTIVE ORDER - Case No.  C06-07535 JF
**Error! Unknown document property name.**

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" OR AS "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6

STIPULATED PROTECTIVE ORDER - Case No. C06-07535 JF
Error! Unknown document property name.

1       6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
2 Designating Party's confidentiality designation must do so in good faith and must begin the
3 process by conferring directly (in voice to voice dialogue; other forms of communication are not
4 sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must
5 explain the basis for its belief that the confidentiality designation was not proper and must give
6 the Designating Party an opportunity to review the designated material, to reconsider the
7 circumstances, and, if no change in designation is offered, to explain the basis for the chosen
8 designation.  A challenging Party may proceed to the next stage of the challenge process only if
9 it has engaged in this meet and confer process first.

10       6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a
11 confidentiality designation after considering the justification offered by the Designating Party
12 may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local
13 Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the
14 basis for the challenge.  Each such motion must be accompanied by a competent declaration
15 that affirms that the movant has complied with the meet and confer requirements imposed in
16 the preceding paragraph and that sets forth with specificity the justification for the
17 confidentiality designation that was given by the Designating Party in the meet and confer
18 dialogue.

19       The burden of persuasion in any such challenge proceeding shall be on the
20 Designating Party.  Until the court rules on the challenge, all parties shall continue to afford
21 the material in question the level of protection to which it is entitled under the Producing
22 Party's designation.

23       7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

24       7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is
25 disclosed or produced by another Party or by a Non-Party in connection with this case only for
26 prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
27 disclosed only to the categories of persons and under the conditions described in this Stipulated
28

7

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535  JF
**Error! Unknown document property name.**

1  Protective Order.  When the litigation has been terminated, a Receiving Party must comply with
2  the provisions of section 11, below (FINAL DISPOSITION).
3         Protected Material must be stored and maintained by a Receiving Party at a
4  location and in a secure manner that ensures that access is limited to the persons authorized
5  under this Stipulated Protective Order.
6         7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless
7  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving
8  Party may disclose any information or item designated CONFIDENTIAL only to:
9         (a)     the Receiving Party's Outside Counsel of record in this action,
10 House Counsel and said Counsel's paralegals, as well as other employees of said Counsel to
11 whom it is reasonably necessary to disclose the information for this litigation and whom the
12 Receiving Party agrees to fully apprise of their duties and obligations under this Agreement to
13 maintain the confidentiality of the Protected Material;
14         (b)     the officers, directors, and employees of the Receiving Party to
15 whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement
16 to Be Bound by Protective Order" (Exhibit A);
17         (c)     experts (as defined in this Stipulated Protective Order) of the
18 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
19 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);
20         (d)     the Court and its personnel;
21         (e)     court reporters, their staffs, and professional vendors to whom
22 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
23 Bound by Protective Order" (Exhibit A);
24         (f)     witnesses in the action to whom disclosure is reasonably necessary
25 and who, if the disclosure is made other than on the record at a deposition or court hearing, have
26 signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed
27 deposition testimony or exhibits to depositions that reveal Protected Material must be separately
28

8

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535  JF
Error! Unknown document property name.

bound by the court reporter, if so requested in writing or on the record by a Party, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   (g) the author of the document or the original source of the information.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

   (a) the Receiving Party's Outside Counsel, House Counsel and said Counsel's paralegals, as well as other employees of Counsel to whom it is reasonably necessary to disclose the information for this litigation and whom the Receiving Party agrees to fully apprise of their duties and obligations under this Agreement to maintain the confidentiality of the Protected Material;

   (b) Experts (as defined in this Stipulated Protective Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) the Court and its personnel;

   (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

   (e) the author of the document or the original source of the information.

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter, if so requested in writing or on the record by a Party, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

9

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535 JF
Error! Unknown document property name.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whole unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or

10

persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the designating Party, whose permission will not be unreasonably withheld, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that affirms that the Receiving Party has complied with the provisions of this paragraph .  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief.</u>  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

11

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535  JF
**Error! Unknown document property name.**

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  September 17, 2008          SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

By_____/s/_____
        Gerald D. Wells, III


ALAN R. PLUTZIK (SBN:  077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925-945-0770)
Facsimile:  (925-945-8792)

  - and –

JOSEPH H. MELTZER
GERALD D. WELLS, III
ROBERT J. GRAY
280 King of Prussia
Radnor, PA  19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

Attorneys for Plaintiff

Dated:  September 17, 2008          By:  _____/s/_____
                 Joan B. Tucker Fife


JOAN B. TUCKER FIFE (SBN: 144572)
  Email:  jfife@winston.com
JENNIFER W. GARBER (SBN: 222096)
  Email:  jgarber@winston.com
WINSTON & STRAWN LLP

101 California Street, Suite
San Francisco, Ca  94111
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400

  - and –

12

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535 JF
**Error! Unknown document property name.**

```
JESSIE A. KOHLER (SBN:  179363)
  Email:  jkohler@winston.com
HWANNIE L. SHEN (SBN:  222342)
  Email:  hshen@winston.com
ERIC E. SUITS (SBN:  232762)
  Email:  esuits@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA  90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213)  615-1750

Attorneys for Defendants
US BANCORP, US BANCORP
INVESTMENTS, U.S. BANK N.A., U.S. BANK
```

## ORDER

It is hereby ORDERED that this Protective Order is entered in this case in accordance with the above Stipulation of the parties.

Dated: September 19, 2008

_____
The Honorable Richard Seeborg
United States District Court, Northern District of California

13

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535  JF

**Error! Unknown document property name.**

...

## ATTESTATION OF CONCURRENCE

I, Joan B. Tucker Fife, declare under penalty of perjury that concurrence in the filing of this document has been obtained from Gerald D. Wells, III, attorney for Plaintiff.

Dated:  September 17, 2008
WINSTON & STRAWN LLP
JOAN B. TUCKER FIFE

By: _____/s/_____
Joan B. Tucker Fife
Attorneys for Defendants
US BANCORP, US BANCORP INVESTMENTS, U.S. BANK N.A., U.S. BANK

14

STIPULATED PROTECTIVE ORDER - Case No.  C06-07535  JF
**Error! Unknown document property name.**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Sean Guess v. US Bancorp; US Bancorp Investments; U.S. Bank N.A.; U.S. Bank d/b/a U.S. Bank Home Mortgage, Case No. C0607535 JF*.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                      [signature]